AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States of America
v.
Jose Luis Rodriguez, Jr. (2005/US)

*Defendant(s)*

Case No. 7:26-mj-3534

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 21 2026 in the county of Hidalgo in the Southern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC § 952 | Illegal Importation of a Controlled Substance / Approximately 5.76 Kilograms of Methamphetamine, a Schedule II Controlled Substance. |
| 21 USC § 963 | Conspiracy to Illegally Import a Controlled Substance / Approximately 5.76 Kilograms of Methamphetamine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

/s/ Nicholas C. Stott
*Complainant's signature*

Nicholas C. Stott, HSI Special Agent
*Printed name and title*

Complaint authorized by: AUSA M. Alexis Garcia

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: 10/22/26 - 8:09 a.m.

*Judge's signature*

City and state: McAllen, Texas

U.S. Magistrate Judge Juan F. Alanis
*Printed name and title*

**Attachment "A"**

I, Nicholas C. Stott, am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On October 21, 2026, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection Office of Field Operations at the Hidalgo Port of Entry (POE) in Hidalgo, Texas. CBP Officers (CBPOs) detained Jose Luis Rodriguez, Jr. ("RODRIGUEZ"), a United States citizen, while attempting to enter the United States from Mexico with approximately 5.76 kilograms of methamphetamine concealed within the vehicle he was driving.

2. RODRIGUEZ entered the United States as a pedestrian pulling a cart. During primary inbound inspection, RODRIGUEZ claimed to have alcohol, food and boxes of toner. RODRIGUEZ claimed the toner was for him, but could not answer when asked what kind of printer they were for. CBPOs referred RODRIGUEZ to secondary inspection for further inspection.

3. In secondary inspection, RODRIGUEZ claimed he was coming from Reynosa, Tamaulipas, Mexico where he purchased the toner. RODRIGUEZ claimed he needed the three boxes of toner because he owns a business selling items and needed the toner for his printer. RODRIGUEZ could not identify what items he sells. RODRIGUEZ could not remember what type of computer and printer he owned and did not know the color of the toner. CBPOs observed RODRIGUEZ was nervous and appeared to be about to flee, causing them to surround him.

4. The toner was scanned with an X-ray and anomalies were observed.

5. A physical search of the three toner cartridges was conducted, and 5.76 kilograms of a crystal substance was located inside. CBPOs field tested the crystal substance inside the toner cartridges which was presumptive positive for the properties and characteristics of methamphetamine.

6. A Homeland Security Investigations (HSI) Special Agent (SA) responded to the POE to assist in the investigation. The HSI SA interviewed RODRIGUEZ who claimed he and his brother-in-law picked up the toner from a location in Reynosa, Tamaulipas, Mexico and he was bringing it to the AutoZone beside the Hidalgo POE where his brother-in-law was going to take possession of the toner cartridges. RODRIGUEZ stated he rode with his brother-in-law to the Hidalgo POE, where RODRIGUEZ exited the vehicle and crossed into the United States as a pedestrian with the toner cartridges while his brother-in-law entered the United States in a vehicle. RODRIGUEZ claimed he crossed with the toner cartridges as a pedestrian because his brother-in-law was frequently referred to secondary inspection. RODRIGUEZ could not explain why he would cross separately from his brother-in-law when both were going to reunite at the AutoZone beside the Hidalgo POE.